IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL ANN POOLE,<br><br>        Plaintiff,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>        Defendants. | No. C 05-01891 MJJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

### INTRODUCTION

Before the Court is the Internal Revenue Service and Mark Everson's (collectively, "Defendants") motion to dismiss Plaintiff Crystal Poole's Complaint. Plaintiff has sued Defendants asking the Court to abate the assessment of her federal income taxes. For the following reasons, the Court **GRANTS** Defendants' motion to dismiss with prejudice.

### LEGAL STANDARD

A motion to dismiss premised upon Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *See Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337 (9th Cir. 1996). Dismissal of an action pursuant to Rule 12(b)(6) is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). In reviewing such a motion, the Court must

assume all factual allegations to be true and must construe them in the light most favorable to the nonmoving party. *See N. Star v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983). In the context of a motion to dismiss, review is limited to the contents of the complaint. *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995).

Motions to dismiss for failure to state a claim "are generally viewed with disfavor." *Ramos v. Cal. Comm. of Bar Exam'rs of the State Bar of Cal.*, 857 F. Supp. 702, 704 (N.D. Cal. 1994). "Each averment of a pleading shall be simple, concise, and direct." FED. R. CIV. P. 8(e)(1). Courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). If the complaint does not meet the liberal pleading standard, a court must grant leave to amend unless "it is absolutely clear that the deficiencies of the complaint [cannot] be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**ANALYSIS**

**A.    Plaintiff Fails to State a Cause of Action**

Plaintiff essentially argues three points. First, she asserts that she is not subject to federal law because she is not a citizen of the United States, but rather a citizen of a particular "sovereign" state. However, the Court agrees with the multitude of courts that have consistently rejected this argument. *See United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejecting "imaginative" argument that defendant cannot be punished under the tax laws of the United States because he is a citizen of the "Republic" of Idaho); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting "shop worn" argument that defendant is a citizen of the "Indiana State Republic" and therefore an alien beyond the jurisidictional reach of the federal courts).

Second, Plaintiff asserts that the payment of federal taxes is not required by law. Her contention finds no support in case law. *See Wilcox v. Commissioner,* 848 F.2d 1007, 1008 (9th Cir. 1988) (holding that the payment of federal income tax is not voluntary); *United States v. Gerard*, 999 F.2d 1255, 1256 (8th Cir. 1993) (same).

Third, Plaintiff contends that compensation for labor is not income with the meaning of the Internal Revenue Code. The Court disagrees. Plaintiff's position is rebutted by Section 61 of the

2

Internal Revenue Code, which states that "gross income means all income from whatever source derived," including business receipts. 26 U.S.C. § 61. The Supreme Court has repeatedly emphasized the 'sweeping scope' of [section 61(a)] and its statutory predecessors." *C.I.R. v. Schleier*, 515 U.S. 323, 327 (1995) (quoting *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 426 (1955)). The Supreme Court has also rejected the argument that the Internal Revenue Code's definition of income is limited to gain. *See Glenshaw Glass*, 348 U.S. at 430-31.

For each of these reasons, the Court finds Plaintiff's arguments unpersuasive.

**B.    Declaratory Judgment Act**

To the extent that Plaintiff seeks declaratory relief against the IRS, such relief is barred by the Declaratory Judgment Act. *See* 28 U.S.C. § 2201. Federal courts generally have jurisdiction to grant declaratory relief under the act, however, the statute specifically bars granting relief in controversies "with respect to Federal taxes." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974); *McCabe v. Alexander*, 526 F.2d 963, 965 (5th Cir. 1976) (noting that Congress does not want judicial interference with the assessment and collection of federal taxes). Therefore, Plaintiff is barred from receiving declaratory relief.

**C.    Anti-Injunction Act**

Finally, Plaintiff argues that injunctive relief is required to prevent the further collection of her outstanding tax liabilities. Suits to restrain the assessment or collection of federal taxes are barred, however, by the Anti-Injunction Act, 26 U.S.C. § 7421(a), unless Plaintiff falls within one of the exceptions in the Act, none of which applies here.[1] *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5–7 (1962). The purpose of the Anti-Injunction Act is to permit the United States to

---

[1] 26 U.S.C. § 6051(e) (innocent spouse relief); §§ 6212(a),(c) (restricts IRS from issuing second notice of deficiency where first notice is still pending in court); § 6213(a) (restricts IRS from making assessments or taking collection actions where Statutory Notice of Deficiency is pending in Tax Court); § 6225(b) (restricts IRS from making premature assessments where Final Partnership Administrative Adjustment is pending before Tax Court); § 6246(b) (injunction for electing large partnerships and partners); § 6330(e)(1) (suspension of period of limitations on imposition of levy if taxpayer requests a § 6330(a) hearing); § 6331(i) (restricts levy during pending proceedings for refund of divisible tax, such as employment taxes, withholding taxes, or penalties under § 6672); § 6672(c) (restricts assessment of trust fund recovery penalties, where no prior notice of proposed assessment given); § 6694(c) (restricts levy or collection of return preparer penalties while suit pending); §§ 7426(a),(b)(1) (wrongful levy actions by third parties); § 7429(b) (jeopardy assessments); § 7436 (determination of worker's employment status)

3

promptly collect taxes without undue judicial interference. *Id.* at 7.

The Supreme Court has recognized an additional judicial exception to the Act and requires the taxpayer to establish that: (1) under no circumstances can the government ultimately prevail on the merits of its tax claim; *and* (2) equity jurisdiction otherwise exists. *Enochs*, 370 U.S. at 7–8; *Bob Jones*, 416 U.S. at 737. Here, because there appears to be strong evidence against Plaintiff, Plaintiff cannot establish that there are *no circumstances* under which the Government could ultimately prevail on the merits of the tax claim. Since Plaintiff cannot establish that she falls into one of the statutorily or judicially created exceptions to the Act, the Court lacks subject matter jurisdiction and must dismiss the complaint. *See Jensen* v. *IRS*, 835 F.2d 196, 198 (9th Cir. 1987).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss with prejudice. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: August _11__, 2005

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE